ORANGE COUNTY FARMERS' FIRE ASSOCIATION
v. BENNETT.

[No. 15,776. Filed March 8, 1938.]

*Tucker & Tucker,* for appellant.

*Harry W. Carpenter,* for appellee.

LAYMON, C. J.—This is an action by appellee to recover on an insurance policy for the loss by fire of his barn which appellant had insured in the amount of $200. The complaint was in one paragraph, to which appellant answered in three paragraphs, the first in general denial, and the second and third alleging in substance that appellant was an assessment association; that by the terms of the policy and the by-laws of the association appellee was required to pay any and all assessments levied by said association within 30 days from the date of notice thereof; that an assessment had been made and appellee notified of this assessment; but that appellee failed to pay said assessment within the designated period of time. To the affirmative answers appellee replied in general denial and in a second paragraph alleged in substance that he had no notice of the assessment until the date the loss was reported to appellant, at which time his offer to pay was refused, and that he thereupon paid the amount of the assessment to the clerk of the court for the use and benefit of appellant. The cause was tried by the court without a jury,

and upon request the court found the facts specially and stated its conclusions of law thereon. These were favorable to appellee and judgment was rendered accordingly. Appellant excepted to each conclusion of law and in due time filed its motion for a new trial which was overruled, and this appeal followed. Errors assigned by appellant for reversal are that the court erred in each of its conclusions of law and in overruling the motion for a new trial. The grounds in support of this motion are: (1) that the finding is not sustained by sufficient evidence; and (2) that the finding is contrary to law.

Appellant has not set out in its brief a condensed recital of the evidence and therefore waives any error which might arise as a result of insufficiency of the evidence. The second ground in appellant's motion for a new trial is predicated solely upon the insufficiency of the evidence, and this ground in the motion is also waived for failure to set out the evidence in the brief.

Appellant, in challenging the sufficiency of the finding, presents the question of whether there was a sufficient compliance with the by-law of the association relative to the giving of notice of an assessment in order for appellant to avoid liability. The by-laws of appellant's association were a part of the contract of insurance, and section 15 thereof provides that the notice of assessment must be sent to the assured at his post office address designated in his application for insurance as shown on the books of the company. The court found that the address of the insured designated in the application for insurance was R. R., Paoli, Ind., and that the address of the insured as shown on the company books was c/o H. W. Bennett, 1637 Spencer Ave., Marion, Ind. The court further found that appellant mailed proper notice of assessment to the address

of appellee as shown on appellant's books, but not as designated by the application for insurance or as shown in the policy. It is thus apparent from the finding of the court that there were two separate and distinct addresses for appellee, one as designated in the application and the other as shown on the books of the company.

Appellant contends that the mailing of the notice of assessment to the address of assured as shown by the books of the company was a sufficient compliance with section 15 of the by-laws and relieved the company of liability.

The by-law relative to the giving of the notice is not clear in its meaning and, when applied to the facts in the instant case, gives rise to uncertainty and ambiguity. The language employed indicates that the insurance association contemplated but one address, that the application would disclose the correct address of the assured, and that this address would be properly and correctly placed on the books of the company. Appellee had no control over the books of the company or any address the company might place thereon. Furthermore, appellee was required to state his address in the application, which was a part of the contract of insurance and was, therefore, the proper source from which appellant could obtain the correct address for the mailing of the notice and by which address appellee would have been bound. Nevertheless, appellant permitted the records of its association to disclose two separate and distinct addresses.

The law is well settled that ambiguity in a contract of insurance shall be resolved in favor of the insured, particularly where such provisions and conditions as are ambiguous may operate to forfeit the policy. It is elementary in the construction of insurance policies that where insurance contracts are so

drawn as to be ambiguous or require interpretation or are fairly susceptible of two different constructions so that reasonably intelligent men on reading them would honestly differ as to their meaning, the courts will adopt that construction most favorable to the insured. *Masonic Acc. Ins. Co.* v. *Jackson* (1929), 200 Ind. 472, 164 N. E. 628, and cases therein cited.

The by-law pertaining to the giving of notice, by a fair and reasonable construction, could refer either to the address as designated in the application or the address as shown on the books of the company.

The court found that the notice to appellee was mailed to only one of such addresses and that there were two addresses, one as disclosed by the application and the other by the books of the company. The by-law being one upon which appellant seeks to declare a forfeiture, appellant has not sufficiently complied with its by-laws in order to void the policy. We conclude that the court did not err in its conclusions of law.

Judgment affirmed.